UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Gregory A. O'Neil,<br><br>Debtor | Chapter 13<br><br>Case No. 19-10641 |

### ORDER SUSTAINING IN PART AND OVERRULING IN PART TRUSTEE'S OBJECTION TO EXEMPTIONS

The Trustee has objected to several of the Debtor's claimed exemptions. *See* [Dkt. No. 13]. In evaluating the objection, the Court has considered the Debtor's response [Dkt. No. 23], the parties' statements at a hearing on March 12, 2020, and their post-hearing briefs. *See* [Dkt. Nos. 29 and 36]. The Trustee's objection is sustained in part and overruled in part.

Under 11 U.S.C. § 522(b), an individual debtor may remove certain property from the bankruptcy estate by a process known as "exemption." Specifically, an individual debtor may exempt either the property listed in section 522(b)(3) or, subject to an important caveat, the property listed in section 522(b)(2). *See* 11 U.S.C. § 522(b)(1). In general, section 522(b)(3) looks to three sources of law—state law, local law, and federal law other than 11 U.S.C. § 522(d)—to determine the extent to which property may be exempted. *See* 11 U.S.C. § 522(b)(3)(A).[1] Section 522(b)(2), on the other hand, points to section 522(d) to determine the extent to which property may be exempted. 11 U.S.C. § 522(b)(2). The caveat is this: the second option—section 522(b)(2) and, by extension, section 522(d)—is not available to a debtor if the state law applicable to the debtor under section 522(b)(3)(A) specifically prohibits the use

---

[1] Section 522(b)(3) also identifies two other categories of property that may be exempted. *See* 11 U.S.C. § 522(b)(3)(B)-(C) (providing an exemption for certain interests held as a tenant by the entirety or as a joint tenant and an exemption for interests in certain retirement funds).

of that federal scheme.  11 U.S.C. § 522(b)(2).  This type of state law prohibition on the use of the federal exemptions found in section 522(d) is commonly referred to as an "opt out."  Finally, in a caveat-to-the-caveat, the concluding paragraph of section 522(b)—sometimes called the "hanging paragraph"—provides that a debtor may use the federal exemptions in section 522(d) if the domiciliary requirement of section 522(b)(3)(A) "render[s] the debtor ineligible for any exemption[.]"  11 U.S.C. § 522(b).

In this context, much hinges on the state law applicable to the debtor under section 522(b)(3)(A) – i.e., the state law "applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition" or, if the debtor was not domiciled in a single place during that 730-day period, "the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period[.]"  11 U.S.C. § 522(b)(3)(A).  In this case, the parties agree that, although the Debtor was a resident of Maine on the petition date, section 522(b)(3)(A) specifies the application of Maryland exemption law.  Maryland is an "opt out" state.  Md. Cts. & Jud. Proc. § 11-504(g).  So, Maryland law would seem to figure prominently in the resolution of this dispute.  However, the Debtor has claimed exemptions under both Maryland law *and* federal law.  The Trustee, as the party objecting, bears the burden of proving that each of the exemptions in question is not properly claimed.  *See* Fed. R. Bankr. P. 4003(c).  Resolution of this dispute turns on the facts alleged by the Trustee and admitted by the Debtor and the interpretation of the applicable statutes.  The exemptions to which the Trustee objects fall into several categories, each of which is addressed in turn.

First, relying on 11 U.S.C. § 522(d)(1), the Debtor claims an exemption in the amount of $25,150 in real property in Rangeley, Maine.  Section 522(d)(1) allows a debtor to exempt up to

$25,150 in value in real property "that the debtor or a dependent of the debtor uses as a residence[.]" 11 U.S.C. § 522(d)(1). The Debtor does not use the Rangeley property as his residence, and he concedes that, on the petition date, he was not using the property as his residence. There is no suggestion that a dependent of the Debtor is using the Rangeley property as the residence. For these reasons, the Trustee's objection to the Debtor's claimed exemption in the Rangeley property is SUSTAINED.[2]

Second, the Debtor claims two exemptions under Md. Cts. & Jud. Proc. § 11-504(b)(1): one in the amount of $3,000 in a laptop and computers, and another in the amount of $300 in books and pictures. The statute the Debtor invokes provides an exemption for "[w]earing apparel, books, tools, instruments, or appliances, in an amount not to exceed $5,000 in value necessary for the practice of any trade or profession[.]" Id. Citing the Debtor's schedules and statements and his testimony at the 341 meeting, the Trustee asserts that, although the Debtor formerly operated a computer systems business, he is currently unemployed and therefore ineligible for any exemption under section 11-504(b)(1). At the hearing in March, the Debtor conceded that he would not be able to establish an intent to resume the operation of his former business such that he might be able to exempt the laptop, computers, books, or pictures. Based on this concession, the Trustee's objection to the exemption in these items is SUSTAINED.

Finally, the Debtor claims two exemptions under Md. Cts. & Jud. Proc. § 11-504(f)(1)(i)(1), one in the amount of $5,000 in a 2000 Porsche Cabriolet, and the other in the amount of $0 in sports and hobby equipment. The statute the Debtor seeks to use provides (in relevant part) that "in any proceeding under Title 11 of the United States Code . . . *any individual debtor domiciled in this State* may exempt the debtor's aggregate interest in" personal property

---

[2] The Court does not reach the Trustee's alternative objection to this claim of exemption.

3

up to a value of $5,000. Id. (emphasis added). The Trustee contends that the Debtor cannot avail himself of this particular part of the Maryland exemption scheme because the Debtor was not actually domiciled in Maryland on the petition date.

The Debtor's reactions to this argument have varied. During the hearing, the Debtor argued that the Court should deem him to have been domiciled in Maryland on the petition date. In his post-hearing brief, however, the Debtor appears to concede that the Trustee has the better view of Maryland's domiciliary restrictions. After making that apparent concession, the Debtor trains his sights on the hanging paragraph of section 522(b)(3) and invites the Court to declare that he may amend his Schedule C to claim exemptions under section 522(d). The Court declines this invitation because, as a matter of federal bankruptcy law, the Debtor satisfies the domiciliary restriction in section 11-504(f)(1)(i)(1).[3]

The parties did not identify, and the Court has not found, any binding authority interpreting section 522(b)(3)(A). In the absence of such authority, the Court evaluates section 522(b) as a whole and concludes that section 522(b)(3)(A) creates a legal fiction that the Debtor was domiciled in Maryland on the petition date. To be sure, the text of the statute does not say that the debtor is deemed to be domiciled in the state whose law is applicable under section 522(b)(3)(A). But that is the unmistakable import of the statute. In enacting section 522(b)(3)(A), Congress was attempting to thwart perceived abuses by debtors relocating from one state to another in advance of a bankruptcy filing for the purpose of obtaining more generous exemptions. *See* H.R. Rep. No. 109-31, pt. 1, at 15-16 (2005), *reprinted in* 2005 U.S.C.C.A.N.

---

[3] Although it is unnecessary to apply the hanging paragraph in this case, the Debtor's view of that paragraph finds some support in the legislative history. *See* H.R. Rep. No. 109-31, pt. 1, at 72 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 140 (explaining that if the effect of the domiciliary provision of section 522(b) "is to render the debtor ineligible for any exemption, the debtor may elect to exempt property of the kind described in the Federal exemption notwithstanding the state has opted out of the Federal exemption allowances").

4

88, 102 (describing the so-called "mansion loophole" and the domiciliary provisions in section 522(b) designed to close that loophole).  To achieve that goal, Congress specified the application of the exemption law of the state where the debtor was domiciled during the 730 days preceding the petition date, or the 180-day period preceding that 730-day period if the debtor moved during the 730-day period.  There is no suggestion that Congress intended to put the debtor in a worse position than she would have been in if she had not, in fact, relocated during the 730-day period leading up to the commencement of the case.  *See* Laura B. Bartell, The Peripatetic Debtor: Choice of Law and Choice of Exemptions, 22 Emory Bankr. Dev. J. 401, 419 (2006) ("Congress did not intend to allow the state whose exemptions it incorporated to override the designation by a provision of state law and thereby put the debtor into exemption-limbo.").[4]  The idea was to examine the debtor's ability to exempt property under the law that would have been applicable if—on the petition date and utilizing the law in effect on that date—the debtor had remained domiciled in the place where the debtor lived before relocating.  When that examination occurs in this case, under section 522(b)(3)(A), the Debtor is deemed to be domiciled in Maryland and he is therefore eligible to claim exemptions under Md. Cts. & Jud. Proc. § 11-504(f)(1)(i)(1).

Even if the Debtor were not deemed to be domiciled in Maryland as a matter of federal bankruptcy law, the Trustee's objection to these particular claims of exemption would still fall short.  The Bankruptcy Code defers, to a significant extent, to state law in the area of exemptions, but that deference is not complete.  *See, e.g.*, Owen v. Owen, 500 U.S. 305, 313 (1991) (declining to pronounce the opt-out policy absolute in the context of section 522(f), and

---

[4] Although this construction of the domiciliary provisions of section 522(b)(3)(A) leaves less work for the hanging paragraph than the interpretation urged by the Trustee, this holding does not render the hanging paragraph meaningless.  *See* In re Garrett, 435 B.R. 434, 450-51 (Bankr. S.D. Tex. 2010) (describing three scenarios where the hanging paragraph might apply even if section 522(b)(3)(A) were interpreted to preempt inconsistent state residency restrictions).

instead applying the opt-out "along with whatever other competing or limiting policies the statute contains"); Patriot Portfolio, LLC v. Weinstein (In re Weinstein), 164 F.3d 677, 683 (1st Cir. 1999) (observing, in the context of section 522(c), that a "state's ability to define its exemptions . . . must yield to conflicting policies in the Bankruptcy Code."); *see also* Bruin Portfolio, LLC v. Leicht (In re Leicht), 222 B.R. 670, 680 (B.A.P. 1st Cir. 1998) ("In the exemption arena, federal courts have, time and time again, concluded that the federal fresh start principles promulgated in § 522(c) override state law exemption limitations, even definitional limitations."). It would make little sense for the Bankruptcy Code to honor—as a matter of federal bankruptcy law—features of state law that would undermine section 522(b)(3)(A)'s choice of law selection. The most sensible reading of section 522(b)(3)(A) leads to the conclusion that "Congress made state law exemptions applicable as a matter of federal law[,]" deferring to the states "with respect to the content of those exemptions, but not as to their applicability." Bartell, The Peripatetic Debtor, 22 Emory Bankr. Dev. J. at 425.

In this respect, the Court would part ways with a number of courts that have honored domiciliary restrictions in state exemption laws even when section 522(b)(3)(A) requires a debtor to use the exemption laws of a state in which the debtor is not presently domiciled. *See, e.g.,* Bierbach v. Brooks (In re Brooks), 393 B.R. 80, 85-86 (Bankr. M.D. Pa. 2008) (collecting several cases). However, applying the exemption laws of the state specified in section 522(b)(3)(A) without regard to any domiciliary restrictions in that state law is consistent with both the text of section 522 and with the axiom that exemption laws are to be construed liberally in favor of the debtor.

As to the exemption in the Porsche, the Trustee's objection is OVERRULED. As to the exemption in the sports and hobby equipment, the Trustee's objection is SUSTAINED. The

Debtor cannot claim exemptions under section 11-504(f)(1)(i)(1) in excess of $5,000, and he has already claimed the full amount of that exemption as to the Porsche. An exemption in the amount of $0 is exactly what it sounds like: "the equivalent of no exemption whatsoever." In re Berryhill, 254 B.R. 242, 244 (Bankr. N.D. Ind. 2000).

Date:  June 19, 2020

Michael A. Fagone
United States Bankruptcy Judge
District of Maine